■ Lisha Coutrier, Appellant, v Haraden Motorcar Corporation, Doing Business as Mohawk Honda, et al., Respondents. [655 NYS2d 660] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered December 15, 1995 in Schenectady County, upon a verdict rendered in favor

of plaintiff, and (2) from an order of said court, entered February 29, 1996 in Schenectady County, which denied plaintiff's motion to set aside the verdict.

On November 23, 1992, plaintiff sustained injuries to her right knee as a result of a collision between the car she was driving and one driven by defendant John L. Kammerer. The collision occurred while both parties were driving east on State Street in the City of Schenectady, Schenectady County, and simultaneously attempting to make a right turn onto Steuben Street. Plaintiff began treatment with John Richards, an orthopedic surgeon, and complained of pain in her right knee over the patella. Richards initially diagnosed a patellar contusion and recommended physical therapy. By August 1993, however, because the pain, swelling and fluid in plaintiff's knee persisted and her range of motion was limited, Richards performed arthroscopic surgery. By January 1994 plaintiff had regained almost full range of motion, although she still experienced pain in the retro patellar area and described some numbness in her leg.

After a jury trial, the jury found that Kammerer negligently operated his car and that his negligent operation was a substantial contributing factor in causing plaintiff's injuries. The jury apportioned liability at 50% to defendants and 50% to plaintiff and awarded damages in the following amounts:

| | |
|---|---:|
| Pain and suffering (11/23/92 to time of trial) | $ 5,000 |
| Loss of enjoyment of life (11/23/92 to time of trial) | $ 500 |
| Future lost wages | $ 0 |
| Future pain and suffering (49.1 years) | $ 30,000 |
| Future loss of enjoyment of life | $ 0 |

Plaintiff's counsel orally moved to set aside the verdict as against the weight of the evidence arguing that the damages should be increased; Supreme Court denied the motion. On January 2, 1996, 2¹/₂ months later, plaintiff moved by written motion pursuant to CPLR 4404 to set aside the verdict on the grounds that the jury's apportionment of liability was not supported by the evidence and that the monetary award differed from what would be reasonable compensation. Supreme Court denied the motion as untimely. Plaintiff now appeals from both the judgment entered on the verdict and from the order denying plaintiff's motion to set aside the verdict.

We affirm. Initially, we reject plaintiff's contention that the jury verdict which found her 50% responsible for her own injuries was against the weight of the evidence. The standard of review in determining whether a jury verdict should be set aside is whether " ' "the evidence so preponderate[d] in favor

of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Further, it is well settled that "comparative negligence is within the province of the jury as the trier of fact" (*Lolik v Big V Supermarkets*, 210 AD2d 703, 704, *revd on other grounds* 86 NY2d 744). Here, plaintiff testified that she was driving to the right of the eastbound lane on State Street,* approximately 5 to 8 feet from the curb as she approached Steuben Street. As she attempted to make a right turn onto Steuben Street, she claimed that the vehicle driven by Kammerer cut in front of her from the left portion of the eastbound lane, causing the collision. Kammerer, on the other hand, testified that on the day of the accident cars were parked to his right as he proceeded along State Street and that, as he slowed to make a right turn onto Steuben Street, he saw no traffic to his right. He further testified that halfway into the turn he felt his vehicle shudder and that he did not realize there had been a collision until he stopped the car to investigate the cause of the shudder. The accident report indicated that plaintiff's vehicle sustained damage to the front left portion and that Kammerer's vehicle sustained damage to the rear right portion.

Clearly the jury was presented with conflicting testimony and, as the trier of fact, was duty bound to make an independent judgment on the evidence presented. The record reveals that the jury was appropriately charged that both plaintiff and Kammerer had a duty to other motorists to operate their respective vehicles with reasonable care under the circumstances, to maintain a reasonable rate of speed, to keep his or her automobile under reasonable control, to keep a proper lookout under existing conditions, and to use reasonable care to avoid an accident (*see*, 1A NY PJI 3d 2:77, at 338). In our view, based on the evidence in the record as applied to the legal duty both plaintiff and Kammerer had to other motorists and to each other, the jury could have reasonably concluded that defendants and plaintiff were equally liable for the accident.

Next, we reject plaintiff's contention that the amount of damages awarded by the jury was inadequate, against the

---

* The record reveals that the eastbound lane is wide enough to accommodate two separate lanes of traffic traveling in the same direction plus a separate lane for parking on the right along the curb, and that the eastbound lane was commonly used as a single lane of travel, there being no lines to separate the two possible lanes.

weight of the evidence and deviated materially from what would be reasonable compensation. It is well settled that the amount of damages to be awarded is primarily a question of fact and considerable deference should be afforded to the jury's interpretation of the credible evidence (*see, Levine v East Ramapo Cent. School Dist.*, 192 AD2d 1025), even if evidence exists which would support a contrary conclusion (*see, Esner v Janisziewski*, 180 AD2d 991, 993). This Court may, however, overturn a jury's money verdict if it finds, in its discretion, that the award deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Wendell v Supermarkets Gen. Corp.*, 189 AD2d 1063, 1064); however, such discretion is exercised sparingly (*see, Cochetti v Gralow*, 192 AD2d 974, 975).

In our view, the jury's monetary award does not materially deviate from reasonable compensation and, therefore, we will not disturb it. Although Richards described plaintiff's disability as permanent, he testified that, as of March 1995, she no longer needed his treatment or further surgery; she had full range of motion in the knee, no instability in the knee and no atrophy of the muscles in the calf. Richards further opined that the problems she was having in moving her toes was more related to habit and the pain which she continued to experience in her knee, but was not a real problem.

We also reject plaintiff's contention that the jury erred in failing to make an award for future lost wages. Loss of earnings or diminution in future earning capacity must be established with reasonable certainty (*see, Walsh v State of New York*, 232 AD2d 939, 940-941; *Toscarelli v Purdy*, 217 AD2d 815, 818; *Johnston v Colvin*, 145 AD2d 846, 848-849). A review of the record reveals that plaintiff failed to establish lost earnings with reasonable certainty (*see, Collins v McGinley*, 158 AD2d 151, 154, *appeal dismissed* 77 NY2d 902); further, the record is devoid of any evidence regarding diminution in her earning capacity. There was no evidence that a change in her career from home health aide to computer programmer would reduce her capacity to earn money in the future.

Finally, we reject plaintiff's contention that Supreme Court abused its discretion in denying the CPLR 4404 motion. Clearly the motion was untimely; the verdict was rendered on October 19, 1995 and the motion was submitted on January 2, 1996. We find plaintiff's reliance on the substitution of counsel, her unavailability due to travel and the lack of trial transcripts as her "good cause" to be less than compelling (*see,* CPLR 2004; *Casey v Slattery*, 213 AD2d 890, 891). Notably absent from the

motion papers is any explanation with respect to the delay in substituting counsel. It is absolutely unclear whether the delay in submitting the motion was caused by any of the attorneys involved or as a result of plaintiff's own inaction. In any event, even if the motion had been submitted in a timely fashion, upon review of the entire record we find the arguments set forth in support of plaintiff's CPLR 4404 motion to be unavailing.

Crew III, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, with costs.

