■ ANTHONY COOK, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [670 NYS2d 51] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated July 1, 1996, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

On the night of September 24, 1992, the plaintiff was allegedly robbed by a group of youths in the lobby of his building in the Glenmore Plaza Housing Development. Shortly thereafter, the plaintiff encountered his assailants outside of the building, and attempted to return inside. However, the plaintiff claims that he was unable to gain entry to his building because the lock on the door leading into the lobby was jammed. While the plaintiff stood in the vestibule attempting to open the door, he was shot several times by his assailants. The plaintiff later commenced this action against his landlord, seeking damages on the theory that the defendant's negligent maintenance of the lock caused him to become trapped in the vestibule, and prevented him from escaping to safety. The defendant subsequently moved, *inter alia,* for summary judgment dismissing the complaint, contending that the plaintiff's injuries could not be considered a foreseeable consequence of a jammed entrance door. The Supreme Court denied the defendant's motion, and we now reverse.

A landlord has a duty to take minimal precautions to protect tenants from foreseeable harm, and must minimize danger from criminal acts where it is aware, from past experience, " ' "that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety" ' " of tenants or visitors (*Jacqueline S. v City of New York,* 81 NY2d 288, 293-294; *see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). However, a landlord is not an insurer of the safety of its tenants (*see, Nallan v Helmsley-Spear, Inc., supra,* at 519). Here, while it may have been foreseeable that a malfunctioning lock would hinder residents from gaining entry to the

premises, it was not foreseeable that a defect in the lock would cause the plaintiff to become the victim of a shooting. Thus, even assuming that the defendant had notice of the allegedly defective lock, the shooting was an unforeseeable act breaking the chain of causation between the defendant's negligence and the plaintiff's injuries (*see, Santiago v New York City Hous. Auth.*, 101 AD2d 735, *affd* 63 NY2d 761; *Levine v Fifth Hous. Co.*, 242 AD2d 564; *Suarez v Longwood Assocs.*, 239 AD2d 250). Miller, J. P., Altman, Krausman and Luciano, JJ., concur.