(December 9, 1999)

■ Adalgisa Perez et al., Appellants, v New York City Housing Authority, Respondent. [699 NYS2d 390] —Order,

Supreme Court, New York County (Alice Schlesinger, J.), entered April 24, 1998, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

Plaintiff, a non-tenant, was assaulted on an elevator in a building owned and maintained by defendant Housing Authority shortly after 1:00 P.M. as she was reporting to her job as a home health care attendant. Allegedly, no locks or intercoms at the front door or guards prevented access to the building from the street. A group of people had waited for the elevator in the lobby, including the perpetrator, who was the last to arrive and did not interact with anyone else present. Several persons got on and off at various floors, none of whom seemed to recognize the perpetrator, who seemed to make no effort to conceal himself. When only plaintiff and the perpetrator remained, he stopped the elevator and, without seeming concerned that he would be subsequently recognized, assaulted her until she passed out. Since these facts as alleged by plaintiff make it "more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551), a factual issue on proximate cause is presented for trial. Concur—Ellerin, P. J., Rosenberger, Tom, Andrias and Buckley, JJ.