■ CHARLES REYNOLDS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [707 NYS2d 52] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 5, 1999, dismissing plaintiff's complaint, and bringing up for review an order of the same court and Justice, entered November 12, 1997, which granted defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff was assaulted by two unapprehended individuals as he waited for the elevator inside a friend's building at 1829 Lexington Avenue. Plaintiff entered the building through an unlocked lobby door; he did not use the lobby intercom because

he knew from his last six visits that the lobby door was unlocked. Plaintiff observed that there was no one in the lobby when he went in; his assailants entered while he was waiting for the elevator. As he boarded the elevator, he was struck from behind and lost consciousness. The police were called, but the assailants were not apprehended.

Plaintiff brought this suit against the Housing Authority alleging inadequate security. The motion court granted defendant summary judgment dismissing the complaint, because plaintiff had not established that his unidentified assailants were intruders, rather than guests or residents of the building. This was error. To defeat a motion for summary judgment in a negligent security case, plaintiff need not conclusively establish that his assailant was an intruder, but must raise triable issues with respect to whether it was " 'more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance' " (*Bennett v Twin Parks Northeast Houses*, 93 NY2d 860, quoting *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551; *Torres v New York City Hous. Auth.*, 93 NY2d 828). We reinstate the complaint because plaintiff's assertions that the front door of the building had been unlocked for six months, that the intercom was not working, that the assailants, who could see plaintiff alone through a window in the lobby door, entered through the unlocked door after plaintiff and did not hide their identity, as well as the evidence of numerous prior robberies and assaults at the premises were sufficient to meet this burden (*Perez v New York City Hous. Auth.*, 267 AD2d 52). Concur—Rosenberger, J. P., Mazzarelli, Ellerin and Friedman, JJ.