■ ADALGISA PEREZ et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [742 NYS2d 289] —Judgment,

Supreme Court, New York County (Alice Schlesinger, J.), entered February 22, 2001, awarding plaintiffs $480,930.70, plus interest, costs and disbursements, upon the parties' stipulation for a lump-sum payment in lieu of otherwise required periodic payments, unanimously affirmed, without costs.

Evidence that the building's front door did not have any functioning locks and that the daytime assault on plaintiff was committed by an unmasked assailant fairly permitted an inference that the assault was not committed by a tenant or invitee but by an intruder who gained access to the building through a negligently maintained entrance (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551). Defendant's application to preclude plaintiff's expert from testifying that the assailant was an intruder was properly denied. Contrary to defendant's argument, the witness did not base that opinion on the mistaken assumption that plaintiff would testify that she saw the assailant enter the front door. The trial court also properly precluded defendant from introducing an inspection report for which it did not supply proof of service, and which did not specifically support its position that the locks on the front door were functioning on the day of the occurrence. We note that the court did permit defendant's building inspector to testify as to the maintenance procedures in place at the time. The prestructured award of $495,000 for past and future pain and suffering does not deviate materially from what is reasonable compensation under these circumstances (*cf., McKay v Ciani*, 288 AD2d 587, 590). Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.