■ CYNTHIA McKAY, Appellant, v HEALTHCARE UNDERWRITERS MUTUAL INSURANCE COMPANY, Respondent. [743 NYS2d 593] —Carpinello, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered April 6, 2001 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In 1997, plaintiff commenced an action against Joseph Ciani and her employer, Schenectady County, for emotional injuries arising out of a sexual relationship with Ciani which developed after she sought assistance for her alcohol and drug abuse from the County's employee assistance program. Ciani was the director of that program. Plaintiff's complaint against the County was ultimately dismissed and, after trial, she was awarded substantial damages based upon Ciani's negligence in the course of his therapist/client relationship with her (*see*, *McKay v Ciani*, 288 AD2d 587). When the judgment remained unsatisfied, plaintiff commenced this declaratory judgment action against defendant, claiming that defendant was obligated to satisfy the judgment under its professional liability policy issued to the County. In lieu of an answer, defendant moved to dismiss the complaint or for summary judgment. Supreme Court granted the motion and this appeal ensued.

Defendant sought dismissal on two grounds. First, that because Ciani's acts were outside the scope of his employment, the policy did not cover the claim against Ciani and, second, that Ciani's acts fell within the policy's sexual abuse exclusion. For the first ground, defendant relied on the provision in the claims covered section of the policy which provides coverage for "Claims which are made against you because of Professional Services which you provided." Plaintiff contends that her claim is covered because it arose out of Ciani's negligence in rendering professional services.

The policy was issued to the County, not to Ciani, and therefore the coverage sought by plaintiff must be based on Ciani's status as the County employee who provided the professional services. Although the claims covered provision cited by defendant contains no reference to scope of employment, the policy defines a "claim" as "an allegation of injury or death to a

person because of Professional Services which you, *or a person for whose conduct you were responsible*, provided" (emphasis supplied). Accordingly, we are of the view that the coverage afforded by the policy with regard to professional services rendered by County employees is coextensive with the scope of the County's responsibility, or vicarious liability, for the acts of those employees. This conclusion is consistent with the business purpose and expectations of defendant and the County when the policy was issued, which is "[a]n important guidepost" in the interpretation of the policy (*Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589, 593). Support for our conclusion can also be found in the policy's definition of additional protected or insured persons, which includes employees "while working, or when they did work, *for you within the scope of their duties*" (emphasis supplied).

It is the general rule that an employer will be held vicariously liable only for acts within the scope of the employment and, therefore, acts which are not part of the conduct of the employer's enterprise will not be the responsibility of the employer (*see, Adams v New York City Tr. Auth.*, 88 NY2d 116, 119). In applying this principle, courts have ruled that hospitals are not vicariously liable for the sexual abuse of patients by health care workers (*see, N.X. v Cabrini Med. Ctr.*, 97 NY2d 247; *Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762). Such acts are viewed as clear departures from the scope of employment, having been committed for wholly personal purposes unrelated to the furtherance of a hospital's business (*see, Judith M. v Sisters of Charity Hosp., supra* at 933). We see no reason to reach a different conclusion in this case.

Although Ciani's relationship with plaintiff certainly arose in the course of Ciani's employment with the County, nonetheless, his abuse of plaintiff's trust for the purpose of engaging in a sexual relationship with her constituted a clear departure from the normal duties of his employment and was solely for the purpose of self-gratification. The fact that Ciani's therapist/client relationship with plaintiff may have continued is irrelevant to the question of whether his tortious conduct was outside the scope of his employment with the County. The sexual relationship had no valid treatment purpose and no legitimate County business purpose. Our conclusion that Ciani's acts were outside the scope of his employment is supported by consideration of such relevant factors as "whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether

the specific act was one that the employer could reasonably have anticipated" (*Riviello v Waldron*, 47 NY2d 297, 303). It is also significant that although Ciani did not employ physical force or coercion, plaintiff's claim that Ciani misused or exploited the phenomenon of transference to develop a sexual relationship with her (*see, McKay v Ciani*, 288 AD2d 587, 589, *supra*) nevertheless constitutes a recognized form of patient or client abuse (*see, Matter of Barad v State Bd. for Professional Med. Conduct*, 282 AD2d 893, 895; *Matter of De Paula v Sobol*, 191 AD2d 822, 824). Accordingly, we are compelled to conclude that Ciani's acts, which formed the basis of his liability to plaintiff, were outside the scope of his employment with the County and, therefore, were not covered by defendant's professional liability policy issued to the County (*see, Town of Somers v Titan Indem. Co.*, 289 AD2d 563).

With regard to plaintiff's reliance on defendant's failure to serve Ciani with a notice of disclaimer that included the scope of his employment as a ground for denying coverage, we note that the Insurance Law § 3420 notice of disclaimer requirement is not applicable to plaintiff's claim against Ciani (*see, Legion Ins. Co. v Singh*, 272 AD2d 809, 811, *lv denied* 95 NY2d 768). In any event, "the failure to disclaim coverage does not create coverage which the policy was not written to provide" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 134). Despite the absence of coverage under the terms of the policy, however, an insurer may be equitably estopped from denying coverage where, "without asserting policy defenses or reserving the privilege to do so, [the insurer] undertakes the defense of the case, in reliance on which the insured suffers the detriment of losing the right to control its own defense" (*Schiff Assoc. v Flack*, 51 NY2d 692, 699). Although defendant undertook the defense of Ciani in plaintiff's action against him, it did so under a letter reserving its rights with regard to indemnification, which was issued several months after the commencement of the action and long before the action went to trial. The letter advised Ciani that the policy did not appear to cover plaintiff's claim against him and that "you may wish to engage in separate counsel, at your own expense, to protect your uninsured interests." Despite the absence of a specific reference to the scope of employment issue in the reservation of rights, we see no detrimental reliance in Ciani's election to proceed to trial with the defense provided by defendant while fully aware that defendant might not indemnify him and that he could retain separate counsel to protect his interests. Accordingly, the doctrine of equitable estoppel is inapplicable.

Having concluded that plaintiff's claim against Ciani fell

outside the scope of the coverage afforded by defendant's policy, we need not reach defendant's additional argument that the claim falls within the ambit of the policy's sexual abuse exclusion. Supreme Court's order is, therefore, affirmed.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.