■ Suminatra Raghu, Respondent, v 24 Realty Co., Appellant, et al., Defendants. [777 NYS2d 487]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 26, 2003, which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant 24 Realty Co. dismissing the complaint as against it.

On November 2, 1995, decedent Guya Raghu was robbed, shot and killed in front of the door to his apartment in the building designated as 2460 Grand Avenue, Bronx, New York (the building). The building was owned, operated and managed by defendant. The administratrix of decedent's estate commenced this action by the service of a summons and verified complaint in November 1997 asserting, inter alia, that defendants were negligent in the maintenance, repair and control of

the building, in that they failed to repair a broken lock on the front door of the building, thereby allowing access to decedent's assailants.

Plaintiff and defendant submitted affidavits to the motion court which place in dispute the issue of whether the lock on the front door, and the building's intercom system, were operating on the date of the incident. Defendant, however, also submitted the affidavits of two individuals who were tenants in the building at the time of the incident, who stated that they witnessed decedent, just prior to the shooting, utilize his key to enter the building, and that two young men, who were never identified, followed him inside. One of those witnesses further averred that she then saw decedent walk toward the building's elevator with the two men. The accounts of the two witnesses who claim to have seen decedent enter the building immediately prior to the shooting are uncontroverted.

It is well established that a landlord has a "common-law duty to take minimal precautions to protect tenants from foreseeable harm," which duty encompasses a third party's foreseeable criminal conduct (*Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *see also Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 303 [2001]; *Luisa R. v City of New York*, 253 AD2d 196, 200 [1999]). A landlord, however, is not an insurer of tenant safety (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *Cook v New York City Hous. Auth.*, 248 AD2d 501 [1998]).

In order to defeat a motion for summary judgment in a negligent security case, plaintiff is not obligated to conclusively establish that the assailant was an intruder, but must raise triable issues of fact concerning whether it was " 'more likely or more reasonable than not' that the assailants were intruders 'who gained access to the premises through a negligently maintained entrance' " (*Torres v New York City Hous. Auth.*, 93 NY2d 828, 830 [1999], quoting *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551 [1998]; *see also Reynolds v New York City Hous. Auth.*, 271 AD2d 280, 281 [2000]).

In the matter before us, the uncontroverted eyewitness evidence submitted by defendant establishes that the assailants obtained access to the building from the decedent, in that they followed decedent into the building after he used his key to gain entry. Accordingly, plaintiff has failed to raise an issue of fact as to whether it was more likely or reasonable than not that the intruders gained access as a result of defendant's negligence. Concur—Buckley, P.J., Nardelli, Andrias, Sullivan and Gonzalez, JJ.