■ NELLY JEAN, Respondent, v HORTENSE WRIGHT et al., Appellants. [919 NYS2d 377]—

The plaintiff allegedly was shot in the leg by a third-party assailant while attending a party at the defendants' premises on the night of July 4, 2008. The plaintiff commenced this action against the defendant homeowners, alleging that their negligence in failing to prevent the criminal assailant's conduct was a proximate cause of her injuries. The defendants moved for summary judgment, contending that the plaintiff's cause of action lacked the elements of foreseeability and proximate cause. The Supreme Court denied the motion for summary judgment, and the defendants appeal. We reverse.

"A property owner, or one in possession or control of property, has a duty to take reasonable measures to control the foreseeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others" (*Jaume v Ry Mgt. Co.*, 2 AD3d 590, 591 [2003]; *see DeRyss v New York Cent. R.R. Co.*, 275 NY 85 [1937]).

However, this duty only arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so (*see Jaume v Ry Mgt. Co.*, 2 AD3d 590 [2003]). A property owner cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience " 'that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor' " (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980], quoting Restatement [Second] of Torts § 344, Comment *f*).

In this case, the defendants established, prima facie, that the assailant's alleged conduct was not foreseeable. The deposition testimony the defendants submitted in support of their motion demonstrated that the defendants were not aware of any violent incidents or threats of violence at the subject premises leading up to the conflict between the alleged assailant and another party attendee. The plaintiff failed to set forth any prior instances of criminal conduct at the premises or any evidence that the defendants should have been aware of a need to control the assailant's alleged criminal conduct. As such, she failed to raise a triable issue of fact (*see Buckeridge v Broadie*, 5 AD3d 298 [2004]; *Reidy v Burger King Corp.*, 250 AD2d 747 [1998]). Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.