■ CHRISTOPHER CHUNN, Respondent, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant, et al., Defendant. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Respondent, v AMERICAN SECURITY SYSTEMS, INC., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [922 NYS2d 3]—

Orders, Supreme Court, New York County (Louis B. York, J.), entered September 2, 2009, which, to the extent appealed from as limited by the briefs, denied defendant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint as against it and denied defendant/third-party defendant American Security Systems, Inc.'s (ASSI) cross motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant ASSI's motion, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 29, 2010, which granted NYCHA's motion for reargument and adhered to its original determination, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment dismissing the third-party complaint against ASSI.

Plaintiff alleges that he sustained injuries as a result of being attacked in an apartment building owned and operated by defendant NYCHA. Plaintiff testified that on the evening of December 31, 2005, he went to visit his sister, who resides in apartment 4F of the building. Upon reaching the building, he noticed several people standing around outside. Plaintiff entered the building through the front entrance without using a key or the intercom, but simply opened the door, which had a broken lock. There was evidence that the front door lock was continually malfunctioning and that it was inoperable for a week before the assault.

Plaintiff proceeded down the hallway, and as he reached the door to the stairwell, he observed two men enter the building though the front door. Plaintiff did not see a key in either man's hand, nor did he see them use the intercom. As plaintiff walked up the stairs from the first to the second floor, he observed

these same two men enter the stairwell and follow him. Neither of the men made any effort to conceal his face. As plaintiff continued up the stairs, he noticed the two men getting closer. Plaintiff never made it to his sister's fourth-floor apartment; he was found unconscious on the third-floor hallway, and the evidence suggests that he was struck on the head with a glass bottle and robbed. As a result of the attack, plaintiff sustained severe head and brain injuries.

In cases alleging negligence based on inadequately secured building entrances, to establish the element of proximate cause, a plaintiff must demonstrate that his or her assailant was an intruder and not a building resident or guest (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550-551 [1998]). To defeat a motion for summary judgment, a plaintiff need not conclusively establish that the assailants were intruders, but must raise triable issues of fact as to whether it was more likely than not that the assailants were intruders who gained access to the premises through the negligently-maintained entrance (*see Raghu v 24 Realty Co.*, 7 AD3d 455, 456 [2004]).

Here, there is a triable issue of fact as to whether the two men who followed plaintiff into the building and up the stairs were intruders (*see Reynolds v New York City Hous. Auth.*, 271 AD2d 280 [2000]; *see also Perez v New York City Hous. Auth.*, 294 AD2d 279 [2002]). Plaintiff testified that before entering the front door, he saw several individuals standing around outside. A jury could reasonably infer that these individuals, upon seeing plaintiff open the door without using a key or the intercom, took advantage of the faulty security and followed plaintiff inside. Likewise, a jury could conclude that the two men, who made no effort to conceal their identity, were the same individuals who assaulted plaintiff.

ASSI's motion for summary judgment dismissing the third-party complaint should have been granted. NYCHA concedes that ASSI's insurance policies name it as an additional insured, so there is no merit to NYCHA's claim against ASSI for failure to procure insurance. As to its contribution claim, NYCHA failed to raise an inference that ASSI owed it a duty of reasonable care independent of its contractual obligations, or that ASSI owed a duty directly to plaintiff, and that a breach of either duty contributed to plaintiff's injuries (*see Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1365 [2010]). In any event, the motion court found that ASSI owed no duty directly to plaintiff, and NYCHA does not challenge this determination. Since NYCHA's liability, if any, will be based on its own negligence, it has no claim for common-law indemnification (*see Corley v*

*Country Squire Apts., Inc.*, 32 AD3d 978, 979 [2006]). As to NYCHA's claim for contractual indemnification, ASSI established prima facie that it fulfilled its contractual obligations by performing quarterly maintenance inspections, about which NYCHA never made any complaint, and made all repairs that NYCHA requested of it in a professional, workmanlike manner. NYCHA, in opposition, failed to raise an issue of fact (*see Kearsey*, 71 AD3d at 1366).

We have considered NYCHA's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Freedman, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 31317(U).]**