■ LAMONT BANNER, an Infant, by His Mother and Natural Guardian, JACQUELINE BANNER, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [943 NYS2d 78]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 26, 2011, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The infant plaintiff was injured when, while sitting on his bicycle in the courtyard at the rear of a building owned by defendant, he was hit in the eye by a bottle that was allegedly thrown from the roof of the building. Plaintiffs allege in their notice of claim and bill of particulars that the New York City Housing Authority was negligent in failing to secure the roof

and in allowing persons to use it in a dangerous and defective manner.

A landlord is not an insurer of tenant safety (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]; *Raghu v 24 Realty Co.*, 7 AD3d 455 [2004]). However, "a landowner has a duty to exercise reasonable care in maintaining his own property in a reasonably safe condition under the circumstances" (*see Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Kush v City of Buffalo*, 59 NY2d 26, 29-30 [1983]). This duty includes an obligation "to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). "However, this duty only arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so" (*Jean v Wright*, 82 AD3d 1163, 1164 [2011], *lv denied* 17 NY3d 704 [2011]; *see also D'Amico v Christie*, 71 NY2d 76, 85 [1987]).

Defendant satisfied its initial burden on its motion for summary judgment. The affidavits from its supervisor of caretakers and a professional engineer established that defendant was required to keep the door to the roof unlocked for fire safety purposes (*see* Multiple Dwelling Law § 104). The deposition testimony of infant plaintiff established that neither he nor his friends actually saw a person on the roof throw a bottle, and that the alleged perpetrator was unknown, making it possible that the perpetrator was a resident of the building who would have had access to the roof despite any amount of security that the defendant could have provided to keep intruders out (*see Whiteside v New York City Hous. Auth.*, 248 AD2d 461, 462 [1998], *lv denied* 92 NY2d 808 [1998]).

In opposition to defendants' prima facie demonstration of entitlement to judgment as a matter of law, plaintiffs failed to raise a triable issue of fact that the defendants had the ability and opportunity to control the conduct at issue through the exercise of reasonable measures, and that the failure to have done so was a proximate cause of the injuries alleged (*see Whiteside*, 248 AD2d at 462; *Catlyn v Hotel & 33 Co.*, 230 AD2d 655 [1996]).

Accordingly, defendant is entitled to summary judgment dismissing the complaint. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.