■ MILTON RODRIGUEZ, Respondent, v CAMAWAY REALTY, INC., Appellant et al., Defendants. [947 NYS2d 6]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 28, 2011, which denied defendant Camaway Realty, Inc.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendant established its entitlement to summary judgment, by tendering evidence that there was no prior criminal activity at its premises likely to endanger the safety of plaintiff (*see Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]; *Jean v Wright*, 82 AD3d 1163 [2011], *lv denied* 17 NY3d 704 [2011]; *M.D. v Pasadena Realty Co.*, 300 AD2d 235, 237 [2002]). Both the owner and plaintiff testified that they knew of no such activity.

In opposition, plaintiff failed to come forward with sufficient evidence of prior criminal activity on the premises. The identical affidavits plaintiff presented of other tenants failed to raise a triable issue of fact, since the affidavits lacked the necessary specificity to support his negligence claim.

Although the affidavits reported one prior assault at the premises, the alleged victim of that assault, the superintendent of the building, came forward with an affidavit stating that he

was struck by a boyfriend of a tenant's daughter, not an intruder. Such an attack is insufficient to establish the necessary notice of prior criminal activity (*see Simms v St. Nicholas Ave. Hotel Co.*, 187 AD2d 373 [1992], *lv denied* 81 NY2d 704 [1993]). Thus, the attack on plaintiff was unforeseeable as a matter of law (*see Ortiz v Wiis Realty Corp.*, 66 AD3d 429, 429-430 [2009]; *Maria S. v Willow Enters.*, 234 AD2d 177 [1996]).

In light of our determination of unforeseeability, we need not reach the remaining issues raised by the parties. Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.