(September 24, 2013)

■ Manuel Angeles, Respondent, v Jeffrey A. Aronsky, Appellant. [974 NYS2d 329]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 3, 2012, which denied defendant's motion for summary judgment dismissing the complaint alleging legal malpractice and breach of contract, unanimously modified, on the law, to grant the motion as to the cause of action for breach of contract, and otherwise affirmed, without costs.

Plaintiff Manuel Angeles commenced this legal malpractice and breach of contract action against defendant Jeffrey A. Aronsky alleging that defendant negligently represented plaintiff in his underlying premises liability action arising from an attack on plaintiff in the lobby of an apartment building. Plaintiff also asserts that defendant breached the retainer agreement.

On December 7, 2007, at approximately 3:15 p.m., plaintiff entered the front entrance of the apartment building where he lived and, immediately upon reaching the lobby, was hit in the jaw. Although there were no witnesses to the actual attack, a neighbor who was standing outside the building around the time of the incident saw three men run out the front entrance. Two of the men were holding baseball bats. The neighbor, who had lived in the building for about five years, did not recognize any of the men. Plaintiff also did not recognize the men, whom he observed briefly before he lost consciousness following the assault.

On the day of the incident, plaintiff admits that the door locked behind him when he left the building around 2:55 p.m. and that he had to unlock it with his key when he returned a short time later. On the side of the building there is a door to the laundry room, which is located in the basement. This door remains unlocked between 9:00 a.m. and 6:00 p.m. From the laundry room, a person can access the lobby without a key by using the elevator.

Shortly after the attack, plaintiff retained defendant to represent him in a potential personal injury case. According to defendant, an investigator from his office initially interviewed plaintiff at the hospital. Defendant asserts that he later spoke with plaintiff over the phone to review the information plaintiff had given the investigator. Plaintiff told defendant that the front door was locking properly on the day he received his injuries and mentioned no other entrances. Defendant accepted plaintiff's statements concerning the security of the building,

and did not send an investigator to inspect the premises or visit the premises himself. Also, he did not interview the superintendent.

Although a settlement agreement was reached with the owner of the building prior to the commencement of any personal injury action, plaintiff commenced a legal malpractice action against defendant, alleging, inter alia, that he negligently investigated plaintiff's premises liability claim. Defendant moved for summary judgment dismissing plaintiff's complaint and the motion court denied the motion.

For a claim for legal malpractice to be successful, "a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff and that the plaintiff would have succeeded on the merits of the underlying action 'but for' the attorney's negligence" (*AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007] [citation omitted]). A client is not barred from a legal malpractice action where there is a signed "settlement of the underlying action, if it is alleged that the settlement of the action was effectively compelled by the mistakes of counsel" (*Garnett v Fox, Horan & Camerini, LLP*, 82 AD3d 435, 435 [1st Dept 2011] [internal quotation marks omitted], quoting *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430 [1st Dept 1990]).

Plaintiff, a waiter with a sixth grade education, retained defendant to represent him in a premises liability claim, relying on defendant's expertise as a personal injury attorney to evaluate his claim and provide advice on the case. Plaintiff asserts that defendant only contacted him once after being retained, and only to ask him to go into defendant's office to sign paperwork for the case. Plaintiff, an unsophisticated client with no legal experience, states that defendant did not explain to him the strengths and weaknesses of his claim and did not do a proper investigation. Defendant does not dispute that he never went to the building or spoke to the superintendent, but argues that he fulfilled his obligation by conveying the settlement offer to plaintiff.

In this specific case, given plaintiff's lack of sophistication and his limited education, defendant's statement that he never conducted any investigation, except for speaking to plaintiff for a very limited time, raises a question of fact as to whether defendant adequately informed himself about the facts of the case before he conveyed the settlement offer. Furthermore, defendant says he told plaintiff, when he conveyed the settlement of-

fer, that it was a "difficult liability case." It is difficult to understand, on the record before us, how he made that assessment without going to the building, or speaking to the superintendent. Because the evidence on a defendant's summary judgment motion must be viewed in the light most favorable to plaintiff (*Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931 [2007]), we find there are questions of fact as to whether the attorney failed to exercise the ordinary reasonable skill appropriate under the circumstances.

The motion court properly found that plaintiff raised a question of fact as to whether the underlying action would have succeeded. To prevail on a premises liability claim, a plaintiff does not have "to exclude every other possible" explanation as to how the assailants entered the building, but only present "evidence [that] renders it more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550-551 [1998]). In *Bello v Campus Realty LLC* (99 AD3d 638, 639 [1st Dept 2012]), this Court found an issue of fact as to how the assailants entered the building where the plaintiff did not recognize her attackers as fellow tenants and the men were dressed as police officers. Similarly, in *Chunn v New York City Hous. Auth.* (83 AD3d 416, 417 [1st Dept 2011]), a factual issue was presented as to whether it was more likely than not that plaintiff's assailants were intruders where the men made no attempt to conceal their faces.

Here, plaintiff did not recognize his assailants. Further, a neighbor who had lived in the building for several years, saw three men she did not recognize running out of the building holding bats around the time of the attack.* The men made no attempt to hide their faces during or after the attack. Thus, the record contains sufficient facts to support a reasonable conclusion that plaintiff was assaulted by intruders (*see Bello*, 99 AD3d at 639; *Chunn*, 83 AD3d at 417).

The breach of contract claim should have been dismissed as duplicative of the legal malpractice claim (*see Lusk v Weinstein*, 85 AD3d 445, 445-446 [1st Dept 2011], *lv denied* 17 NY3d 709 [2011]). Concur—Gonzalez, P.J., Friedman, Saxe and Richter, JJ.

The decision and order of this Court entered herein on April 11, 2013 (105 AD3d 486 [2013]) is hereby recalled and vacated

---

* The neighbor conveyed the information to plaintiff's girlfriend, but the girlfriend did not disclose it to defendant before the case was settled.

(*see* 2013 NY Slip Op 86107[U] [2013] [decided simultaneously herewith]). **[Prior Case History: 2012 NY Slip Op 30851(U).]**