■ Michelle DeJesus, Respondent, v The Parkchester South Condominium Inc., Appellant. [988 NYS2d 481]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered December 17, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when a child, riding a bicycle, struck her from behind as she walked on an interior walkway of defendant's complex. Defendant submitted the testimony of a member of its private security force, who stated that defendant employed five to seven security guards during normal business hours. He asserted that people traversed the property, and some "occasionally" rode bicycles, but this happened "rarely." Nevertheless, defendant had a rule against riding bicycles in this area, and there were a number of signs posting this rule. Defendant also had surveillance cameras on the interior and exterior of the property, and the security officer further stated that when someone was found riding a bicycle, he or she would either be given a summons, the bicycle would be confiscated, or a warning would be issued.

Under the circumstances presented, defendant demonstrated that it provided the requisite "minimal precautions" to protect people from the foreseeable harm of bicycle riders (*Banner v New York City Hous. Auth.*, 94 AD3d 666, 667 [1st Dept 2012]

[internal quotation marks omitted]). Indeed, "[i]t is difficult to understand what [further] measures could have been undertaken to prevent plaintiff's injury except presumably to have had a security officer posted at the precise location where the incident took place . . . , surely an unreasonable burden" (*Florman v City of New York*, 293 AD2d 120, 127 [1st Dept 2002]).

Plaintiff failed to submit opposition to the motion, and the arguments she has set forth in her appellate brief are unpreserved. In any event, the arguments raised by plaintiff do not present triable issues of fact that would warrant the denial of the subject motion. Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.