■ AL TIRANNO, Respondent, v WARTHOG, INC., et al., Defendants, and FARMINGDALE THEATERS, INC., Appellant. [990 NYS2d 248]—

In an action to recover damages for personal injuries, the defendant Farmingdale Theatres, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 22, 2013, as denied that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from an accident which occurred on May 25, 2008, in the parking lot of the Farmingdale Multiplex, operated by the defendant Farmingdale Theaters, Inc. (hereinafter Farmingdale). At the time of the accident, the plaintiff lost control of his motorcycle and fell to the ground when he swerved to avoid radio remote control cars operated by third parties in the parking lot. The Supreme Court denied that branch of Farmingdale's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

"A property owner, or one in possession or control of property, has a duty to take reasonable measures to control the fore-

seeable conduct of third parties on the property to prevent them from intentionally harming or creating an unreasonable risk of harm to others" (*Jaume v Ry Mgt. Co.*, 2 AD3d 590, 591 [2003]; *see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]). However, "[t]his duty [only] arises when there is an ability and opportunity to control such conduct, and an awareness of the need to do so" (*Jaume v Ry Mgt. Co.*, 2 AD3d at 591). A property owner cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience " 'that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor' " (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980], quoting Restatement [Second] of Torts § 344, Comment *f*; *see Jean v Wright*, 82 AD3d 1163, 1164 [2011]).

Under the circumstances here, Farmingdale failed to eliminate all triable issues of fact as to whether it had the knowledge, authority, or opportunity to control the conduct of the third parties operating the radio remote control cars in the subject parking lot, and as to whether the conduct of the third parties in the parking lot posed a reasonably foreseeable risk of harm to others (*see St. Germain v Dutchess County Agric. Socy.*, 274 AD2d 146, 149-150 [2000]; *cf. Jean v Wright*, 82 AD3d at 1164). The deposition testimony of Farmingdale's employees confirmed that Farmingdale was on notice that its parking lot had, in the past, been improperly used for the operation of radio remote control cars and that those employees had provided specific instructions to security personnel to remove any and all remote radio control car enthusiasts from the parking lot if they were observed using the space for such purposes. The plaintiff's unrebutted deposition testimony established that, on the day of the subject accident and before its occurrence, a security guard was near the radio remote control car enthusiasts but took no affirmative action to disperse or expel them. Since Farmingdale failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied that branch of Farmingdale's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Lott, Austin and Barros, JJ., concur.