■ CHARLES BUTLER et al., Appellants, v N & M CONTRACTING COMPANY, Respondent, et al., Defendant. [604 NYS2d 334] — Mikoll, J. P. Appeal from an order of the Supreme Court

(Doran, J.), entered August 24, 1992 in Schenectady County, which granted defendant N & M Contracting Company's motion for summary judgment dismissing the complaint against it.

The issue here is whether plaintiffs can sue defendant N & M Contracting Company in negligence based on an injury sustained while plaintiff Charles Butler was working as a laborer on a construction job being performed by N & M on the residence of defendant Robert W. Noble pursuant to a written contract. Butler was hired by Ron Morton, president of N & M, who directed Butler's activities at the site. United Staffing had been engaged by N & M for purposes of handling N & M's payroll, acquisition of health insurance and workers' compensation benefits, all of which were paid by N & M. It was United Staffing which processed Butler's workers' compensation claim denoting Butler as its employee.

N & M moved for summary judgment dismissing the complaint on the ground that plaintiffs' sole basis of relief is pursuant to the Workers' Compensation Law. Supreme Court concurred and granted summary judgment to N & M, concluding that relief to plaintiffs was available solely under the Workers' Compensation Law. This appeal by plaintiffs ensued.

Plaintiffs contend that Butler was the employee of United Staffing as were his two supervisors on the job.

It is settled in New York that where a mixed question of law and fact exists concerning the applicability of the Workers' Compensation Law, the matter should be remitted to the Workers' Compensation Board for conclusive determination. Accordingly, the order of Supreme Court should be reversed and the matter remitted to Supreme Court for further proceedings in accordance with *O'Rourke v Long* (41 NY2d 219) and *Botwinick v Ogden* (59 NY2d 909).

Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.