■ MARY KK., Individually and as Parent and Natural Guardian of JAMIE KK., an Infant, Appellant, v JACK LL., Defendant, and JOHNSON CITY CENTRAL SCHOOL DISTRICT, Respondent. [611 NYS2d 347] —White, J. Appeal from an order of the Supreme Court (Smyk, J.), entered November 10, 1992 in Broome County, which granted a motion by defendant Johnson City Central School District for summary judgment dismissing the complaint against it.

On July 13, 1989, the Superintendent of defendant Johnson City Central School District (hereinafter the District) received a telephone call from an individual who identified herself only as a former student. She told him that one of the District's male high school teachers, defendant Jack "LL" (hereinafter the teacher), had engaged in inappropriate sexual behavior with two high school girls whom she did not identify. The Superintendent immediately met with the teacher who denied the accusations. In the middle of August 1989, plaintiff was told by her daughter about the teacher's behavior. Plaintiff, in turn, reported the behavior to the Johnson City Police which

led to the arrest of the teacher; the teacher eventually pleaded guilty to the crime of endangering the welfare of a child and was sentenced to jail. He also resigned from his teaching position. Plaintiff thereafter commenced this action against the teacher and the District wherein it was alleged, *inter alia,* that the District was responsible for the teacher's acts of sexual misconduct. Supreme Court granted the District's motion for summary judgment dismissing the complaint against it and this appeal by plaintiff ensued.*

To ascertain if Supreme Court's issuance of summary judgment in favor of the District was warranted, we must determine if the District established that plaintiff's causes of action based upon the doctrine of respondeat superior and the claim of negligent supervision lack merit *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 966). A school district, like any other employer, may be held vicariously liable under the doctrine of respondeat superior for a tort committed by an employee in the course of the performance of the employee's duties *(see, Murray v Watervliet City School Dist.,* 130 AD2d 830). What constitutes the "scope of employment" is generally a jury question, but "summary judgment is appropriate where there is no conflicting evidence or the facts are undisputed" *(Crawford v Westcott Steel Co.,* 188 AD2d 731, 732).

Here, it is undisputed that on several occasions between April 1989 and June 1989, the teacher molested plaintiff's daughter who was then a junior in the District's high school. Although these acts occurred on school property during school hours, they were clearly outside the scope of the teacher's employment as they were wholly personal in nature and certainly not done in the furtherance of the District's business *(see, Nicollette T. v Hospital for Joint Diseases/Orthopedic Inst.,* 198 AD2d 54; *Hall v Danforth,* 172 AD2d 906). Therefore, we conclude that, as a matter of law, the doctrine of respondeat superior is inapplicable to this case.

We shall now examine plaintiff's claim that the District breached its duty of supervision. It is well established that a school district has the duty to exercise the same degree of care and supervision over the pupils under its control as a reasonably prudent parent would exercise under the same circumstances *(see, Logan v City of New York,* 148 AD2d 167, 171). The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in the identical situation and armed with the same information

---

* The teacher filed a notice of appeal but later withdrew his appeal.

would invariably have provided greater supervision *(see, Mirand v City of New York,* 190 AD2d 282, 288).

Plaintiff maintains that the District breached this duty by permitting the teacher to meet with the student behind locked doors. We disagree. The harm posed by the teacher's proclivities to engage in inappropriate sexual conduct with students was not known or foreseeable at the time these incidents happened *(see, James v Gloversville Enlarged School Dist.,* 155 AD2d 811, 812). Without such knowledge, there would have been no reason for a parent of ordinary prudence to prevent his or her child from meeting privately with the teacher during school hours, given the degree of trust reposed in teachers and the fact that such meetings are an integral part of the educational process. Thus, we agree with Supreme Court that this aspect of plaintiff's claim lacks merit *(see, Tomlinson v Board of Educ.,* 183 AD2d 1023, 1024; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650, 651-652). For these reasons, we affirm Supreme Court's order.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

