■ ANTOINETTA CORP, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 86956.) [682 NYS2d 738] —Spain, J. Appeal from an order of the Court of Claims (Benza, J.), entered September 11, 1997, which granted the State's motion to dismiss the claim.

Claimant commenced the instant action to recover for personal injuries she sustained on July 22, 1992 during the opening ceremonies of the Empire State Games (hereinafter the games) on the campus of the State University of New York at Albany. The games are run by the Office of Parks, Recreation and Historic Preservation, an agency of the State. In her notice of intention to file a claim, claimant stated that while acting as part of a volunteer security force at the games, she was injured following the opening ceremonies while exiting the field area; more specifically, that the lights had been turned off around the track for a fireworks display and they were not turned back on at the conclusion of the ceremony. Further, claimant alleged that she fell into an open pit, which was part of the steeplechase course for the competition's track event and that the pit was not marked, signed, barricaded or protected. As a result of her fall, claimant sustained a severed Achilles tendon which required surgical repair. Following joinder of issue and within 120 days of a scheduled trial date, the State moved for dismissal of the claim based upon the fact that claimant's exclusive remedy is provided in the Workers' Compensation Law and on the basis of claimant's failure to state a cause of action. The Court of Claims granted the motion and dismissed the claim, finding that claimant failed to plead the lack of workers' compensation benefits. Claimant appeals.

We affirm. Initially, we reject claimant's contention that the Court of Claims erred in granting the State's motion to dismiss on the ground that, as a volunteer worker, claimant was committed to workers' compensation benefits as her sole remedy. The record reveals that claimant had been a volunteer for the

Empire State Games for six straight years beginning in 1987, and that she used personal vacation time from her full-time position to volunteer her services. Each year claimant received meals and shirts (which were used as her uniform) and because the 1992 games were not close to her home in Onondaga County, claimant also received a room in return for her volunteer work. These gratuities could be considered compensation. However, it is a question of fact to be resolved by the Workers' Compensation Board whether a worker is an employee and, therefore, entitled to workers' compensation benefits (see, O'Rourke v Long, 41 NY2d 219, 224). "[W]here the availability of [workers'] compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions" (id., at 228).

Whether claimant has a valid claim for damages or whether she is committed to benefits under the Workers' Compensation Law is a factual determination for the Workers' Compensation Board (see, Butler v N & M Contr. Co., 199 AD2d 590, 591). The proper procedure involving the Workers' Compensation Board may not be circumvented by litigants who select the court system as the forum for litigating their dispute (see, Cunningham v State of New York, 60 NY2d 248, 252). Moreover, claimant cannot elect to waive benefits under the Workers' Compensation Law and proceed on a tort cause of action (see, Olsson v Nyack Hosp., 193 AD2d 1006, 1007). Significantly, the policy of the State is that volunteer workers are covered while they donate their services to the State (see, 9 NYCRR 140.0-141.3; see also, Workers' Compensation Law § 3 [1] [Group 16]).

We reject claimant's contention that she could not have been covered because she was unaware of the availability of workers' compensation benefits and because she did not complete a volunteer registration form. Claimant's knowledge or lack of knowledge of her status should not be controlling; the question of whether the conditions precedent to coverage were met should properly be decided by the Workers' Compensation Board. Notably, claimant would have six months following the dismissal of a workers' compensation claim to commence a plenary tort action (see, O'Rourke v Long, supra, at 228; see also, CPLR 205 [c]). Accordingly, dismissal of the claim at this juncture was proper.

Finally, claimant's contention that the Court of Claims erred in treating the State's 11th-hour motion as a motion to dismiss rather than a motion for summary judgment is without merit. CPLR 3211 (a) (7) provides that

"[a] party may move for judgment dismissing one or more causes of actions asserted against him on the ground that * * *

"the pleading fails to state a cause of action".

The Court of Claims found that the pleading did not state a cause of action because claimant failed to plead the unavailability of workers' compensation benefits. Where lack of workers' compensation coverage is not pleaded, dismissal is proper (see, O'Rourke v Long, supra, at 226).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.