■ JACQUELINE HAHNE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 96283.) [736 NYS2d 761] —Crew III, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered March 15, 2001, upon a dismissal of the claim at the close of claimants' proof in a bifurcated trial.

Claimant Jacqueline Hahne was employed as a data entry

clerk for the Department of Environmental Conservation (hereinafter DEC) at its headquarters in Ray Brook, Essex County. Jose Ortiz was an inmate confined at Camp Gabriels, a minimum security prison, also located in Essex County. On August 23, 1995 Ortiz, as part of a work release program, was performing janitorial services at DEC headquarters and, while emptying a wastepaper basket at Hahne's desk, put his right hand on the side of her face and attempted to kiss her.

Hahne and her husband, derivatively, filed a notice of claim alleging that the State was vicariously liable for Ortiz's assault. Following a bifurcated trial, the Court of Claims granted the State's motion to dismiss the claim on the ground that Hahne's exclusive remedy is workers' compensation. This appeal by claimants ensued.

It is axiomatic that an employee injured during his or her employment is limited in his or her remedy to workers' compensation unless the injury was due " 'to an intentional tort perpetrated by the employer or at the employer's direction' " (*Acevedo v Consolidated Edison Co. of N.Y.*, 189 AD2d 497, 500, *lv dismissed* 82 NY2d 748, quoting *Finch v Swingly*, 42 AD2d 1035). Here, there is absolutely no evidence in the record that Ortiz perpetrated the alleged assault at the direction of the State or any of its employees. Claimants nevertheless contend that the State is liable for Ortiz's conduct on the theory of respondeat superior. We disagree. To be sure, inasmuch as the State undertook to perform janitorial services at DEC headquarters through the use of its inmates, it would be liable for their tortious acts committed in the performance of such duties (*see, Washington v State of New York*, 277 App Div 1079, *lv denied* 302 NY 952). However, where, as here, a tort is committed solely for the personal motives of the employee and is unrelated to the furtherance of the employer's business, no liability will attach (*see, e.g., Fainberg v Dalton Kent Sec. Group*, 268 AD2d 247, 248; *Joshua S. v Casey*, 206 AD2d 839).

To the extent that claimants' brief can be read to claim that the State is liable for the negligent supervision of Ortiz, there is utterly no record evidence of his propensity to engage in the type of conduct complained of, which is an essential predicate for the imposition of liability on a theory of negligent supervision (*see, Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161, *cert denied* 522 US 967, *lv dismissed* 91 NY2d 848).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.