■ JEANNIE M. BESAW et al., Respondents, v ST. LAWRENCE COUNTY ASSOCIATION FOR RETARDED CHILDREN et al., Appellants. [754 NYS2d 111] —Lahtinen, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 10, 2002 in St. Lawrence County, which stayed the action pending a determination of the Workers' Compensation Board.

Plaintiff Jeannie M. Besaw (hereinafter plaintiff), a 27-year-old retarded woman who suffers from spinal bifida and is confined to a wheelchair, is a participant in a sheltered workshop program sponsored by defendant St. Lawrence County Association for Retarded Children (hereinafter ARC). On August 13, 1999, plaintiff was injured in a motor vehicle accident while being transported in an ARC van. Plaintiff was thrown from her wheelchair and received severe injuries, including multiple leg fractures and dislocation of her hips. On August 22, 2001, plaintiff and her mother, on her behalf, commenced this action against ARC and the driver of the van, alleging that the driver had operated the vehicle in a negligent manner and failed to properly secure plaintiff's wheelchair. After joinder of issue, defendants moved for summary judgment dismissing the complaint, arguing that plaintiff had an employment relationship with ARC, that her injuries occurred while she was acting within the scope of her employment and that her cause of action was barred by the exclusivity provision of the Workers' Compensation Law. Supreme Court stayed the action pending a determination by the Workers' Compensation Board as to whether or not plaintiff was entitled to benefits under the Workers' Compensation Law. Defendants appeal.

Defendants argue that it was error to order a stay of the action until the Board rendered a decision because the issue before Supreme Court was one of pure statutory construction. We disagree. Mental Hygiene Law § 33.09 (c) provides that persons participating in sheltered workshop programs may be eligible for workers' compensation benefits if the agency for whom they are working elects to provide such coverage, as ARC does. However, the relevant issue before Supreme Court was whether or not plaintiff was employed by ARC and acting within the scope of that employment at the time her injuries occurred. Such an inquiry involves questions of fact to be resolved by the Board (*see O'Rourke v Long*, 41 NY2d 219,

224). Moreover, "[i]t is settled in New York that where a mixed question of law and fact exists concerning the applicability of the Workers' Compensation Law, the matter should be remitted to the Workers' Compensation Board for conclusive determination" (*Butler v N & M Contr. Co.*, 199 AD2d 590, 591). The Board has primary jurisdiction with respect to such determinations (*see Botwinick v Ogden*, 59 NY2d 909, 911) and, therefore, defendants " 'may not choose the courts as the forum for the resolution of such questions' " (*Corp v State of New York*, 257 AD2d 742, 743, quoting *O'Rourke v Long*, *supra* at 228).

In the instant action, plaintiff, through her mother, applied for and received workers' compensation benefits after the accident. However, plaintiff's mother, after being appointed her legal guardian on June 21, 2001, immediately renounced her right to such benefits. While not contesting the fact that plaintiff sorted bottles at the ARC recycling center for nominal pay, plaintiffs argued that this does not constitute gainful employment in any meaningful sense and that, in any event, the accident occurred during plaintiff's transportation to the center and was not in the course of her "employment." These were clearly questions for the Board to resolve and, therefore, Supreme Court correctly ordered a stay of the action to enable the Board to make the necessary determination. As the order being appealed from made no factual findings with regard to these issues, they are not properly before us.

We also note that subsequent to Supreme Court's order staying the action, the Board did render a decision in this matter, finding that plaintiff was not an employee of ARC and disallowing her claim for workers' compensation benefits.* The Board also ruled that, due to her incompetence, plaintiff was not bound by her previously filed claim. Because of the preclusive effect of that ruling, defendants are collaterally estopped from relitigating those issues here (*see Lee v Jones*, 230 AD2d 435, 437, *lv denied* 91 NY2d 802).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although the Board's decision is not part of the record, we take judicial notice of it (*see Demisay v Whalen*, 59 AD2d 444, 448).