■ DIA CC., as Parent and Guardian of ADAM CC., an Infant, Appellant, v ITHACA CITY SCHOOL DISTRICT et al., Respondents, et al., Defendant. [758 NYS2d 197] —Kane, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 15, 2002 in Tompkins County, which, inter alia, granted a motion by defendants Ithaca City School District and Belle Sherman School for summary judgment dismissing the complaint against them.

In January 2000, plaintiff and her family moved from another country to the City of Ithaca, Tompkins County. During the school enrollment process for plaintiff's six-year-old son, Adam, he was evaluated by an English as a Second Language (hereinafter ESL) teacher employed by defendant Ithaca City School District (hereinafter the District) at defendant Belle Sherman School (hereinafter collectively referred to as defendants). On February 28, 2000, after informing Adam's classroom teacher, the ESL teacher took Adam to the ESL classroom for follow-up testing. Plaintiff alleges that the ESL teacher sexually molested Adam at that time and on other occasions. Medical examinations provided no conclusive evidence of sexual abuse. Police investigated, but no criminal charges were filed. Defendants also investigated the situation, culminating in a decision by the District's school board not to prefer disciplinary charges. Plaintiff filed suit on Adam's behalf and, after extensive discovery, several motions were filed. Supreme Court determined, inter alia, to grant defendants' motion for summary judgment dismissing the complaint against them. Plaintiff now appeals.

Despite arguments in the briefs regarding a claim of negligent hiring by the District, neither the complaint nor the bill of particulars alleges such a cause of action. Accordingly, plaintiff may not proceed on that theory.

"Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002] [citations omitted]). An act of sexual assault by an employee is a clear departure from the scope of employment, committed solely for personal reasons, and unrelated to the furtherance of the employer's business (*see id.* at 251; *McKay v Healthcare Underwriters Mut. Ins. Co.*, 295 AD2d 686, 687 [2002], *lv denied* 99 NY2d 503 [2002]; *Mary KK. v Jack LL.*, 203 AD2d 840, 841 [1994]). Therefore, the District may not be held vicariously liable for a sexual assault committed by its employee.

Even so, a school has a duty to adequately supervise students in its care, and may be held liable for injuries that are foreseeable and proximately related to the school's failure to provide adequate supervision (*see Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767 [2001]). The standard to determine whether the school has breached its duty is to compare the school's supervision and protection to that of "a parent of ordinary prudence placed in the identical situation and armed with the same information" (*Mary KK. v Jack LL., supra* at 841; *see Murray v Research Found. of State Univ. of N.Y.*, 283 AD2d 995, 996-997 [2001], *lv denied* 96 NY2d 719 [2001]). Where liability is imposed on a school for negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate the school's prior knowledge or notice of the individual's propensity or likelihood to engage in such conduct, so that the individual's acts could be anticipated or were foreseeable (*see Druba v East Greenbush Cent. School Dist., supra* at 767; *Schrader v Board of Educ. of Taconic Hills Cent. School Dist.*, 249 AD2d 741, 742 [1998], *lv denied* 92 NY2d 806 [1998]).

Here, plaintiff presented no evidence that the District had any knowledge or notice that the ESL teacher may molest a student. The District obtained information from the Pennsylvania Department of Education, checked references from prior employers, and this individual had been employed by the District for over 15 years without incident. The classroom teacher acted reasonably in releasing Adam to another teacher. Allowing a teacher to work alone one-on-one with a student did not breach the District's duty to supervise students (*compare Mary KK. v Jack LL., supra* at 842). Thus, Supreme Court properly granted defendants' motion for summary judgment.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.