Mugglin, J.
Appeal from an order of the Supreme Court (Williams, J.), entered December 24, 2002 in Saratoga County, which, inter alia, granted a motion by defendants Monument Pizza, Inc. and Michael Roods for summary judgment dismissing the complaint against them.
During the evening of November 21, 2000, while on the premises of defendant Monument Pizza, Inc., which was owned *768 by defendant Michael Roods (hereinafter collectively referred to as defendants), plaintiff, a 13-year-old, was stabbed in the abdomen by defendant George McGeever. As relevant to this appeal,* the complaint alleges that defendants were negligent for failing to properly manage and supervise the pizzeria and for violating Labor Law § 130, which generally prohibits the employment of persons under the age of 14. Following joinder of issue and completion of discovery, defendants moved for summary judgment dismissing the complaint against them, contending that they did not breach any duty owed to plaintiff, that plaintiff was not an employee of defendants and that if plaintiff was an employee of defendants, her sole remedy was workers’ compensation. Plaintiff opposed the motion and cross-moved for summary judgment striking defendants’ answer and directing an inquest on the issue of damages. Supreme Court granted defendants’ motion for summary judgment and dismissed plaintiffs complaint. Plaintiff appeals.
We affirm. “It is axiomatic that an employee injured during his or her employment is limited in his or her remedy to workers’ compensation unless the injury was due to an intentional tort perpetrated by the employer or at the employer’s direction” (Hahne v State of New York, 290 AD2d 858, 859 [2002] [internal quotation marks and citations omitted]). Whether the employment is lawful or illegal does not alter the rule (see O’Rourke v Long, 41 NY2d 219, 223 [1976]). This record presents an issue of fact as to whether plaintiff was “permitted or suffered to work” within the meaning of Labor Law § 2 (7). This issue is to be resolved by the Workers’ Compensation Board (see id. at 224), as it has primary jurisdiction with respect to such determinations (see Botwinick v Ogden, 59 NY2d 909, 911 [1983]). Thus, the courts are an improper forum for the resolution of such issues (see Corp v State of New York, 257 AD2d 742, 743 [1999]; see also Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; Besaw v St. Lawrence County Assn. for Retarded Children, 301 AD2d 949, 950 [2003]).
Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

The claim against McGeever was previously settled.