■ TRACY McKNIGHT et al. , Respondents, v MARINER RESTAURANT et al., Appellants. [769 NYS2d 811]—

Appeal from an order of Supreme Court, Jefferson County

(Gilbert, J.), entered October 31, 2002, which, inter alia, denied defendants' cross motion for summary judgment seeking to dismiss the complaint and directed defendants to appear for deposition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' cross motion in part and dismissing the negligence claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action asserting claims for negligence and assault based on an incident in which defendant Lawrence Comins, the owner of defendant Mariner Restaurant (Restaurant), allegedly assaulted Tracy McKnight (plaintiff), a Restaurant employee. Supreme Court properly denied that part of defendants' cross motion for summary judgment seeking to dismiss plaintiffs' assault claim. The exclusivity provisions of Workers' Compensation Law § 29 (6) do not bar a cause of action for intentional assault, even where, as here, plaintiff has applied for and received workers' compensation benefits based on the determination of the Workers' Compensation Board that the incident occurred within the course of plaintiff's employment (*see Ralph v Oliver*, 186 AD2d 977 [1992]). However, the court erred in denying that part of defendants' cross motion seeking to dismiss plaintiffs' negligence claim, inasmuch as that claim is barred by Workers' Compensation Law § 29 (6) (*see Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 542-543 [1980]; *Legault v Brown*, 283 App Div 303, 304 [1954]). Present—Pine, J.P., Wisner, Hurlbutt, Gorski and Lawton, JJ.