■ ERIC M. STEINBORN et al., Appellants, v JEFFREY M. HIMMEL, Defendant, and THOMAS W. VANDISH JR. et al., Respondents. (Action No. 1.) [780 NYS2d 412]—

Spain, J. Appeal from two orders of the Supreme Court (Williams, J.), entered March 11, 2003 in Saratoga County, which, inter alia, granted certain defendants' motions for summary judgment dismissing the complaints against them.

Following a 1997 criminal trial in Saratoga County, defendant Jeffrey M. Himmel was convicted of sodomy in the third degree and several other crimes in connection with his physical and sexual assault of plaintiffs, who were then members of Troop 2, a Boy Scout troop to which Himmel served as a volunteer assistant scoutmaster. Shortly thereafter, plaintiffs commenced the first of these personal injury actions, seeking to recover for damages caused by Himmel and the alleged negligence of troop scoutmaster, defendant Thomas W. Vandish Jr., troop committee chair, defendant Wayne E. Brandt, defendant Boy Scouts of America (hereinafter BSA) and defendant Twin Rivers Council, Inc., the regional council chartered by the BSA to promote scouting through local sponsors in the area (hereinafter action No. 1).[1] In 2002, after joinder of issue in action No. 1 and the filing of motions for summary judgment by various defendants, plaintiffs commenced a second action against defendant Christ Episcopal Church, the organizational sponsor for Troop 2,[2] alleging that the church was negligent in supervising the operation of Troop 2 (hereinafter action No. 2). The church answered and simultaneously moved for summary judgment. Supreme Court granted summary judgment to the church and all defendants in action No. 1 (hereinafter collectively referred to as defendants), except Himmel. Plaintiffs appeal, and we affirm both orders.

We first address plaintiffs' claims in action No. 1 based on vicarious liability for Himmel's actions. Beginning with the well-established premise that liability for the acts of an employee or agent can follow only if the agent's tortious acts were committed within the scope of employment (*see Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932, 933 [1999]; *Dia CC. v Ithaca City School Dist.,* 304 AD2d 955, 956 [2003], *lv denied* 100 NY2d 506 [2003]; *State of New York v Popricki,* 89 AD2d 391, 393 [1982]), and recognizing that an act of "sexual assault by an employee is a clear departure from the scope of employment, committed solely for personal reasons, and unrelated to the furtherance of the employer's business" (*Dia CC. v Ithaca City School Dist., supra* at 956; *McKay v Healthcare Underwriters Mut. Ins. Co.,* 295 AD2d 686, 687 [2002], *lv denied* 99 NY2d 503 [2002]), we conclude that plaintiffs' vicarious liability claims were properly dismissed. Even if any of the defendants could

**1.** Michael E. Turner Jr. was a plaintiff in action No. 1 but is no longer a party.

**2.** BSA is a national organization which issues charters to regional organizations, or councils, such as Twin Rivers. The council, in turn, facilitates the chartering by BSA of local "units," such as Troop 2. Each unit has a local sponsor; here, Troop 2 was sponsored by the church.

fairly be characterized as employers or principals of Himmel (an issue we do not reach), Himmel's sexual assaults were clearly outside the scope of his duties as an assistant scoutmaster (*see Dia CC. v Ithaca City School Dist., supra*; *McKay v Healthcare Underwriters Mut. Ins. Co., supra*).

Nor did Supreme Court err in dismissing the remaining negligence claims in both actions. Plaintiffs make general allegations that defendants breached a duty to protect them, arguing that BSA and Twin Rivers did not adequately screen volunteers and certified Himmel as a scout leader on an incomplete application. It is also asserted that defendants failed to properly supervise Himmel or protect the boys in Troop 2 from his actions, despite notice that he was an unfit leader. Addressing first the general claims of negligent hiring or screening asserted against BSA and Twin Rivers, we note that plaintiffs do not cite any items omitted in Himmel's application or, for that matter, identify any information which could or should have been discovered during a screening process or during Himmel's long tenure as a scout and scout leader which would have put defendants on notice that he had a propensity for sexual abuse. Thus, without deciding whether BSA and Twin Rivers owed or breached any duty in connection with Himmel's certification as a scout leader, we conclude that these claims were properly dismissed for lack of any evidence that any such breach was a proximate cause of the injuries sustained by plaintiffs (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see also Taylor v State of New York*, 36 AD2d 878, 879 [1971], *lv denied* 33 NY2d 937 [1974]).

Furthermore, " '[a] claim based on negligent hiring and supervision requires a showing that defendants knew of the employee's propensity to [commit the alleged acts] or that defendants should have known of such propensity had they conducted an adequate hiring procedure' " (*Honohan v Martin's Food of S. Burlington*, 255 AD2d 627, 628 [1998], quoting *Ray v County of Delaware*, 239 AD2d 755, 757 [1997]; *see Dia CC. v Ithaca City School Dist., supra* at 956; *Mary KK. v Jack LL.*, 203 AD2d 840, 842 [1994]). Here, it is undisputed that Himmel served for many years as a scout leader without incident or complaint; indeed, his tenure as assistant scout leader dates back at least 10 years, beginning before either of the individual named defendants assumed leadership of Troop 2. The evidence offered by plaintiffs that defendants had knowledge that Himmel was a danger to the boys in his care is based upon the fact that some of the defendants were aware that, as a teenager, Himmel had been denied Eagle Scout status due to a DWI

conviction and an incident in which he had entered a scout camp intoxicated. In addition, plaintiffs point to Himmel's practices of drinking beer and smoking cigarettes in front of the boys, and rely on evidence that he occasionally offered some of them cigarettes. Evidence also exists that Himmel provided alcohol to plaintiffs and other boys and encouraged them to drink.[3]

Even assuming defendants were aware of Himmel's alleged improper use of alcohol and cigarettes, we find these allegations, although relevant to Himmel's qualifications as a scout leader, insufficient as a matter of law to constitute notice to defendants that there was a danger of Himmel sexually assaulting plaintiffs (*see Hahne v State of New York,* 290 AD2d 858, 859 [2002]; *Schrader v Board of Educ. of Taconic Hills Cent. School Dist.,* 249 AD2d 741, 743 [1998], *lv denied* 92 NY2d 806 [1998]; *cf. Druba v East Greenbush Cent. School Dist.,* 289 AD2d 767, 768 [2001]). Plaintiffs' reliance on testimony from the church's scouting coordinator that he would not have approved Himmel as a scout leader based on his personal "intuition" is also insufficient, as is the general proposition that sexual abuse of children is a pervasive problem in society today, to constitute a factual basis upon which to charge any of these defendants with notice that Himmel posed a danger as a sexual predator to the boys in his charge. "[T]here must be some foundation upon which the question of foreseeability of harm may be predicated, i.e., at least a minimal showing as to the existence of actual or constructive notice" (*Schrader v Board of Educ. of Taconic Hills Cent. School Dist., supra* at 743).

In light of our conclusion that defendants, including Twin Rivers, lacked prior actual or constructive knowledge of Himmel's pedophiliac tendencies, plaintiffs' contention that Twin Rivers is liable for breach of its duty as landowner of the Boy Scout camp where one of the assaults is alleged to have taken place must also fail (*see Polomie v Golub Corp.,* 226 AD2d 979, 980 [1996]; *Karp v Saks Fifth Ave.,* 225 AD2d 1014, 1016 [1996]; *Davis v Shelton,* 33 AD2d 707, 708 [1969], *lv dismissed* 26 NY2d 829 [1970]).

Finally, we discern no abuse of discretion in Supreme Court's

---

**3.** We note that there is insufficient record evidence that any defendant had knowledge of this practice. Neither plaintiff informed any of the scout leaders of Himmel's behavior in this regard. While the parents of one of the plaintiffs apparently had discovered that Himmel had provided alcohol to their son, they dealt with Himmel directly to prevent it from happening again. The boy's mother stated that she thinks she also notified someone affiliated with the scout troop of the incident, but could not provide details of such reporting or identify the specific person to whom she spoke.

decision to grant summary judgment without first ordering further disclosure. To be sure, when it appears "from affidavits submitted in opposition to the motion [for summary judgment] that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just" (CPLR 3212 [f]). However, "[s]omething more than speculation is needed to defeat a motion for summary judgment" (*Oliveira v County of Broome,* 5 AD3d 898, 899 [2004]; *see Wallace v Terrell,* 295 AD2d 840, 842 [2002]). In neither action have plaintiffs articulated any specific documentary or testimonial evidence they seek which might suggest that defendants had previous notice that Himmel posed a danger of violence or sexual assault to the boys in his charge. With regard to plaintiffs' request for discovery in action No. 2, although the church was not then a party, the church's scouting coordinator had already been deposed in action No. 1 and testified that he was the church representative in charge of all dealings with Troop 2 and that he had no prior notice of Himmel's pedophiliac propensities despite having known him for over 10 years as a Boy Scout adult volunteer. Given this undisputed evidence that the church liaison to the scout troop had no prior knowledge of Himmel's predatory sexual tendencies and the dearth of any suggestion that evidence exists to the contrary, we find that Supreme Court did not abuse its discretion in deciding the church's motion for summary judgment without further discovery. Likewise, in action No. 1, although plaintiffs contend that BSA and Twin Rivers did not fully comply with their discovery demands, plaintiffs' failure to act during the five-year delay between their demand for discovery and defendants' motions for summary judgment indicates that plaintiffs were not diligently pursuing discovery; accordingly, summary judgment was not premature (*see Younger v Spartan Chem. Co.,* 252 AD2d 265, 268 [1999]; *Douglas Manor Assn. v Alimaras,* 215 AD2d 522, 524 [1995]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.