OPINION OF THE COURT
Michael D. Stallman, J.
These motions for summary judgment require the court to examine whether a school may be held responsible in tort to a student for an employee’s off-campus intentional conduct.
Background
This casé arises from an August 12, 2000 sexual encounter between the then 15-year-old plaintiff and defendant Barsky. Barsky had been plaintiffs social studies teacher at a New York City public school during the preceding school year. Although Barsky and plaintiff met frequently in school outside of class, there is no evidence of any inappropriate contact prior to the subject encounter. Plaintiff spent the 2000 summer vacation at her grandmother’s home in upstate New York. Barsky, who was supposedly planning to see his mother in Massachusetts, detoured to visit plaintiff. Plaintiff and Barsky arranged to meet, but plaintiff did not tell her grandmother about her plans. Plaintiff and Barsky met, drove around for a while, and then went to a hotel, where they had sexual intercourse. Although plaintiff acknowledges that the tryst was “consensual,” she was legally incapable of consent. Barsky was charged with statutory rape, and eventually pleaded guilty. He is no longer a teacher.
Plaintiff commenced this action against Barsky, and against the city defendants on the theory that the city defendants were vicariously responsible for Barsky’s actions and were negligent, *253 inter alla, in hiring, supervision and retention. Plaintiff subsequently settled the case with Barsky.
L
School authorities have a duty of care to students on school premises or when students are otherwise in the control of school personnel (see Dia CC. v Ithaca City School Dist., 304 AD2d 955 [3d Dept 2003]). The school’s duty of care derives from its parens patriae status, its quasi-parental responsibility to care for children in its custody. (See Logan v City of New York, 148 AD2d 167, 171 [1989]; Mary KK. v Jack LL., 203 AD2d 840 [1994].)[1] Without custody of the child, the school has no duty; without a duty there can be no liability. Therefore, a school has no liability in tort to a student for the independent acts of a school employee committed after the school returns the student to her parent or guardian.
Sheila C. v Povich (11 AD3d 120 [1st Dept 2004]) presents a strikingly similar situation, involving a private, commercial custodian rather than a public school. A minor came to New York with her mother to appear on a television program. She alleged that a limousine driver employed by the shaw’s producer raped her. Although the producer apparently provided the minor and her mother with a hotel room and may have had physical custody of the minor during the preparation and recording of the program, the producer returned the minor to her mother before the minor left the hotel room to meet the limousine driver. Accordingly, the court held that no claim could be made against the producer because the minor was no longer within the producer’s custody.
It is beyond dispute that Barsky’s sexual contact with plaintiff occurred off school premises, beyond the scope of Bar-sky’s employment as a teacher (Dia CC., supra), and when the plaintiff was not within the school’s control. (See Colon v Jarvis, 292 AD2d 559 [2d Dept 2002].) Plaintiff clearly was not within *254 school custody during the summer recess. There is no legal basis for imposing vicarious liability here.
IL
Plaintiffs claims of negligent hiring, negligent retention, and negligent supervision also fail. A necessary element of a cause of action for negligent hiring is that the employer knew or should have known of an employee’s propensity for the conduct that caused the injury (Doe v Whitney, 8 AD3d 610 [2d Dept 2004]). There is no common-law duty to institute specific procedures for hiring employees, unless the employer knows of facts that would lead a reasonably prudent person to investigate the employee (id.). Moreover, a negligent retention theory is not viable in a sexual abuse case, unless the school had notice of prior allegations of a teacher’s inappropriate contact with a student and failed to investigate the allegations (Colon v Jarvis, supra; see also Doe v Lorich, 15 AD3d 904 [4th Dept 2005]).
Mark Weiss, who was principal of the school at the time Bar-sky was hired as a teacher, testified at a deposition. Weiss stated that, in addition to conducting a personal interview, he caused a background check to be made. Such check included verification that Barsky’s teaching license was valid. Barsky was also fingerprinted, so that a criminal background check could be made. It is undisputed that, prior to the incident in question, Barsky had no criminal record for sexual misconduct.
After Barsky was hired, Weiss observed his classes from time to time. Barsky consistently received satisfactory ratings as a teacher. Weiss testified that he never observed Barsky engaging in inappropriate behavior with students, nor did anyone make such a complaint to Weiss about Barsky.
In an attempt to show that the City knew or should have known that Barsky was fostering an inappropriate relationship with her, plaintiff alleges that she frequently stayed after school and was alone with Barsky in his classroom, but acknowledges that they never did anything more than just talk, and that there were never any conversations of a sexual nature. Weiss maintains that he himself frequently stayed after school (as did many students and staff members), and walked the halls, and never observed plaintiff alone with Barsky. There is no basis to claim that the school was negligent in its supervision of teachers or students.
Students frequently spend more waking hours with their teachers than with their parents. Close bonds sometimes *255 develop, and a caring teacher can play an important role in helping a child. That a teacher may spend a considerable amount of time with a student does not prove that the teacher is engaging in misconduct. If a principal were to stop all after-class contact between teachers and students, that would interfere with the teacher-student rapport that is critical to the educational process.[2]
Conclusion
There is no legal basis for imposing liability on the city defendants for Barsky’s criminal conduct. Not only was plaintiff outside school custody, the school had no notice of Barsky previously engaging in inappropriate behavior. The school acted reasonably in hiring and supervising him. As soon as school officials became aware of Barsky’s arrest, they took appropriate steps to terminate his employment. To rule otherwise would effectively impose automatic liability on schools for the criminal or tortious conduct of school employees, irrespective of notice or fault on the part of the school, even if the conduct occurred off campus.
The city defendants have met their burden of proving entitlement to summary judgment as a matter of law. Plaintiff has not made an evidentiary showing of any triable issue. Accordingly, the city defendants’ cross motion is granted. Barsky’s motion to dismiss the city defendants’ cross claim is denied as moot.

. A school must
“exercise the same degree of care and supervision over the pupils under its control as a reasonably prudent parent would exercise under the same circumstances (see, Logan v City of New York, 148 AD2d 167, 171). The standard for determining whether this duty was breached is whether a parent of ordinary prudence placed in the identical situation and armed with the same information would invariably have provided greater supervision (see, Mirand v City of New York, 190 AD2d 282, 288).” (Mary KK. v Jack LL., 203 AD2d at 841-842 [emphasis added].)

. In contrast, sexual overtures or conduct subvert the sense of trust necessary for student-teacher rapport. Indeed, if a student or teacher were to fear sexual advances (or unfounded allegations), any positive and acceptable contact between them would be discouraged.