# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1401
CA 13-00960
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

DEBORAH TOMUSHUNAS, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

DESIGNCRETE OF AMERICA, LLC AND ROBERT G.
BYRNES, INDIVDUALLY AND IN HIS CAPACITY
AS OWNER AND PRESIDENT OF DESIGNCRETE OF
AMERICA, LLC, DEFENDANTS-RESPONDENTS.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

KIRWAN LAW FIRM, P.C., EAST SYRACUSE (TERRY J. KIRWAN, JR., OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered September 7, 2012.  The order,
inter alia, granted the motion of defendants for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action against her former
employer and its principal, alleging causes of action for assault,
intentional infliction of emotional distress and prima facie tort.
Supreme Court properly granted defendants' motion seeking summary
judgment dismissing the complaint on the ground that the action is
barred as the result of plaintiff's receipt of workers' compensation
benefits.  As plaintiff concedes, before commencing this action, she
received $40,000 in workers' compensation benefits for missing work
due to illnesses and injuries resulting from the same misconduct by
her employer as alleged in the complaint.  "[B]y accepting an award of
workers' compensation benefits, plaintiff forfeited the right to
maintain an action at law on the theory of intentional tort" (*Mylroie
v GAF Corp.*, 55 NY2d 893, 894; *see Cunningham v State of New York*, 60
NY2d 248, 251-252; *Martin v Casagrande*, 159 AD2d 26, 29-30, *lv
dismissed* 76 NY2d 1018).  Contrary to plaintiff's contention, it is of
no consequence that the award of benefits resulted from the settlement
of her claim (*see generally Hynes v Start El.*, 2 AD3d 178, 181).

Entered:  January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court