# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**417**

**CA 16-00863**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

CARLOS M. SUAREZ ALFONSO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

EDWIN R. LOPEZ, ET AL., DEFENDANTS,
AND UNITED PARCEL SERVICE, INC.,
DEFENDANT-RESPONDENT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (STEVEN WILLIAMS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

ANSA ASSUNCAO, LLP, WHITE PLAINS (THOMAS O. O'CONNOR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered February 9, 2016. The order granted the motion of defendant United Parcel Service, Inc., to dismiss the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in an accident that occurred while he was working on the premises of United Parcel Service, Inc. (defendant). Plaintiff alleged that he was hired by a nonparty to this action to perform work at defendant's facility. After the accident, however, plaintiff filed a workers' compensation claim that listed defendant as his employer, and the Workers' Compensation Board (Board) issued five decisions that listed defendant as plaintiff's employer and ordered that defendant pay benefits to plaintiff. In lieu of answering, defendant moved to dismiss the complaint against it on the ground that plaintiff's claims are barred by the Workers' Compensation Law. Supreme Court granted the motion, and we affirm.

The Court of Appeals has long held that, "as to an employer, where workmen's compensation provides a remedy, the remedy that it provides, save for the rare case, is exclusive. Where liability is imposed upon an employer to provide workmen's compensation and compensation is provided, that liability is exclusive and in the stead of any other employer liability whatsoever" (*O'Rourke v Long*, 41 NY2d 219, 221; *see Weiner v City of New York*, 19 NY3d 852, 854; *O'Connor v Midiria*, 55 NY2d 538, 540-541). When there are questions of fact concerning the availability of workers' compensation benefits, " 'the

plaintiff may not choose the courts as the forum for the resolution of such questions.'  The Workers' Compensation Board . . . has primary jurisdiction over the issue of the availability of coverage . . . , and a plaintiff has no choice but to litigate this issue before the Board" (*Liss v Trans Auto Sys*., 68 NY2d 15, 20-21).  Thus, the issue whether a plaintiff was acting as an employee of a defendant at the time of the injury is a question of fact to be resolved by the Board (*see Besaw v St. Lawrence County Assn. for Retarded Children*, 301 AD2d 949, 949-950; *Matter of Hofsiss v Board of Educ. of Mamaroneck Union Free Sch. Dist*., 287 AD2d 566, 567-568; *Corp v State of New York*, 257 AD2d 742, 743).

Here, plaintiff initiated a workers' compensation claim against defendant and has continually received benefits from defendant since March 2015.  We therefore conclude that the court properly dismissed plaintiff's complaint against defendant because the workers' compensation benefits that he is receiving are his sole remedy against defendant at this juncture (*see generally Thompson v Grumman Aerospace Corp*., 78 NY2d 553, 560; *Tomushunas v Designcrete of Am., LLC*, 113 AD3d 1142, 1142; *Degruchy v Xerox Corp*., 188 AD2d 1003, 1003).  Moreover, should the Board ultimately decide that defendant was not plaintiff's special employer, plaintiff's remedy would be either to move to vacate the order dismissing the complaint against defendant pursuant to CPLR 5015 (a) (5) (*see Dupkanicova v James*, 17 AD3d 627, 628), or to commence a new action against defendant within six months of the Board's decision pursuant to CPLR 205 (c) (*see Cunningham v State of New York*, 60 NY2d 248, 253; *Corp*, 257 AD2d at 743).

Entered:  April 28, 2017                        Frances E. Cafarell
                                                Clerk of the Court