Matter of Selena O. (Lakeysha H.) (2019 NY Slip Op 00546)





Matter of Selena O. (Lakeysha H.)


2019 NY Slip Op 00546


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7670

[*1]In re Selena O., and Others, Dependent Children Under Eighteen Years of Age, etc. Lakeysha H., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Zachary W. Carter, Corporation Counsel, New York, (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 5, 2017, which, to the extent appealed from as limited by the briefs, found that respondent mother Lakeysha H. neglected the subject children within the meaning of Family Court Act § 1012, unanimously reversed, on the law and the facts, the findings of neglect vacated, and the petitions dismissed, without costs.
Petitioner Administration for Children's Services (ACS) failed to establish by a preponderance of the evidence that any of the subject children were neglected by the mother. Although Mariana was struggling in school, the evidence shows that she was enrolled in school, had regular attendance and, in fact, had a special needs teacher assigned to her since the third grade. There were chronic communication difficulties between the school and both parents. Some of the difficulties arose, in part, because of the school's practice of communicating with the mother through Mariana, despite her learning issues. In this case ACS did not meet its burden of proof that the mother failed to exercise a minimum degree of care with respect to Mariana's education as required by the applicable statute (Family Court Act § 1012(f)(i)(A); Matter of Shanea, 61 AD3d 403 [1st Dept 2009]). In addition, with respect to Jesus, ACS failed to meet its burden of showing that the mother, who was hearing impaired, failed to exercise a minimum degree of care in not addressing the three-year-old child's speech delays. ACS only presented evidence of one conversation between its caseworker and the mother regarding the child's speech problems, and the caseworker did not make any recommendations or referrals. Further, ACS failed to present any evidence at all that the mother neglected Selena.
Although the parents had a history of neglect, and their parental rights had been terminated as to an older child who had extensive medical needs that were not met, "[a] finding of neglect should not be made lightly, nor should it rest upon past deficiencies alone" (Matter of Jayvien E. [Marisol T.], 70 AD3d 430, 435 [1st Dept 2010]; Matter of Jessica YY., 258 AD2d 743, 746 [3d Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK