Kelsey v Hourigan (2019 NY Slip Op 06258)





Kelsey v Hourigan


2019 NY Slip Op 06258


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


472 CA 18-01742

[*1]JOHN A. KELSEY AND MARY M. KELSEY, PLAINTIFFS-RESPONDENTS,
v
GERALD E. HOURIGAN, JR., INDIVIDUALLY, AND DOING BUSINESS AS GERALD HOURIGAN DAIRY FARM, PATRICIA J. HOURIGAN, GERALD E. HOURIGAN, JR., AND PATRICIA J. HOURIGAN, INDIVIDUALLY, AND DOING BUSINESS AS HOURIGAN'S UDDER PLACE, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (JAMES GASCON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
JOHN A. MAYA, UTICA, FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered March 21, 2018. The order, among other things, denied defendants' motion seeking, inter alia, summary judgment dismissing the complaint and granted that part of plaintiffs' cross motion seeking to strike defendants' fifth and sixth affirmative defenses. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the cross motion with respect to the fifth affirmative defense and reinstating that affirmative defense, and granting the motion in part and dismissing the complaint, and as modified the order is affirmed without costs.
Memorandum: John A. Kelsey (plaintiff) was injured when a cow fell on him at a dairy farm owned by defendants. After the accident, he filed a workers' compensation claim that listed Gerald E. Hourigan, Jr., individually and doing business as Gerald Hourigan Dairy Farm (defendant), as his employer, and the Workers' Compensation Board (Board) issued a determination in plaintiff's favor that listed defendant as his employer. While defendant's administrative appeal of that determination was pending, plaintiffs commenced this action seeking to recover damages for injuries that plaintiff sustained in the accident. Thereafter, defendant withdrew his administrative appeal, and the Board awarded plaintiff $142,384.32, which was paid through October 30, 2018.
In appeal No. 1, defendants appeal from an order that, inter alia, denied that part of their motion seeking summary judgment dismissing the complaint, and granted that part of plaintiffs' cross motion seeking dismissal of the fifth affirmative defense, which was based upon workers' compensation exclusivity, pursuant to CPLR 3126. We agree with defendants that Supreme Court erred in denying the motion and granting the cross motion to that extent, and we therefore modify the order accordingly. Workers' compensation is an exclusive remedy (see Workers' Compensation Law § 11; O'Rourke v Long, 41 NY2d 219, 221 [1976]) and, for purposes of workers' compensation exclusivity, "a partnership and its partners are considered one entity when acting in furtherance of partnership business" (Rainey v Jefferson Vil. Condo No. 11 Assoc., 203 AD2d 544, 546 [2d Dept 1994], lv denied 84 NY2d 804 [1994]; see Colon v Aldus III Assoc., 296 AD2d 362, 362 [1st Dept 2002]). Here, plaintiff "initiated a workers' compensation claim against defendant and . . . received benefits from defendant" (Alfonso v Lopez, 149 AD3d 1535, 1536 [4th Dept 2017]). Further, plaintiffs alleged in their complaint that [*2]defendants operated the farm as business partners, and defendants admitted that allegation in their answer. We thus conclude that the workers' compensation benefits that plaintiff received are his "sole remedy" against defendants (id.).
In light of our determination, defendants' remaining contentions in appeal No. 1 are academic.
In appeal No. 2, defendants appeal from an order denying their motion for leave to renew and reargue their motion for summary judgment. Insofar as the order in appeal No. 2 denied that part of defendants' motion seeking leave to reargue, no appeal lies from that part of the order (see Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). Insofar as the order in appeal No. 2 denied that part of defendants' motion seeking leave to renew, we dismiss the appeal as moot in light of our determination in appeal No. 1 (see JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1624 [4th Dept 2016]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court