Bates v Gannett Co., Inc. (2024 NY Slip Op 03999)

Bates v Gannett Co., Inc.

2024 NY Slip Op 03999

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

488 CA 23-00542

[*1]RICHARD L. BATES, PLAINTIFF-APPELLANT,
v
GANNETT CO., INC., DEFENDANT-RESPONDENT. (ACTION NO. 1.) 
FRANCIS L. GOODSELL, RANDALL PENBERG, PAUL TRACY AND JIM YORK, PLAINTIFFS-APPELLANTS, 
v
GANNETT CO., INC., DEFENDANT-RESPONDENT. (ACTION NO. 2.) 
BALLARD TACKETT, BRIAN COPENHAGEN AND KELBY ASH, PLAINTIFFS-APPELLANTS,
v
GANNETT CO., INC., DEFENDANT-RESPONDENT. (ACTION NO. 3.) 

SWEENEY, REICH & BOLZ, LLP, LAKE SUCCESS (GERARD J. SWEENEY OF COUNSEL), FOR PLAINTIFF-APPELLANT RICHARD L. BATES. 
MARSH LAW FIRM PLLC, NEW YORK CITY (CORI IACOPELLI OF COUNSEL), AND PFAU COCHRAN VERTETIS AMALA PLLC, FOR PLAINTIFFS-APPELLANTS FRANCIS L. GOODSELL, RANDALL PENBERG, PAUL TRACY, JIM YORK, BALLARD TACKETT, BRIAN COPENHAGEN AND KELBY ASH.
HARTER, SECREST & EMERY LLP, ROCHESTER (TRACIE M. HIATT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered January 20, 2023. The order granted the motion of defendant to stay the actions and for referral to the Workers' Compensation Board and held in abeyance the cross-motions of plaintiffs to amend their complaints. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is denied, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum:
Each of the plaintiffs in these three actions seeks damages pursuant to the Child Victims Act (CVA) (see CPLR 214-g) arising from their employment delivering newspapers in the 1980s for the Rochester Democrat & Chronicle, which is now owned by defendant. In their respective complaints, plaintiffs allege that they were sexually abused by a supervisor and that defendant is liable in negligence for their injuries. In a single motion, defendant moved in all three actions for a stay of the actions and a referral to the Workers' Compensation Board (Board) for a determination "whether [p]laintiffs' [alleged] injuries occurred in the course of employment and are compensable by [w]orkers' [c]ompensation." Plaintiffs cross-moved for leave to amend their respective complaints, and plaintiffs now appeal from an order that granted defendant's motion [*2]and held plaintiffs' cross-motions in abeyance pending the Board's determination. We reverse.
" 'As a general rule, when an employee is injured in the course of . . . employment, [the employee's] sole remedy against [their] employer lies in [their] entitlement to a recovery under the Workers' Compensation Law' " (Ciapa v Misso, 103 AD3d 1157, 1158 [4th Dept 2013]; see generally McKnight v Mariner Rest., 2 AD3d 1296, 1297 [4th Dept 2003]). "[T]he issue whether a plaintiff was acting as an employee of a defendant at the time of the injury is a question of fact to be resolved by the Board" (Alfonso v Lopez, 149 AD3d 1535, 1536 [4th Dept 2017]).
"[C]ourts defer to [an] administrative agency where the issue involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom" (Matter of Jun Wang v James, 40 NY3d 497, 502 [2023] [internal quotation marks omitted]). However, "[w]here . . . the question is one of pure statutory interpretation, [courts] need not accord any deference to [an administrative body's] determination and can undertake its function of statutory construction" (Matter of DeVera v Elia, 32 NY3d 423, 434 [2018] [internal quotation marks omitted]; see Jun Wang, 40 NY3d at 502; O'Rourke v Long, 41 NY2d 219, 224 [1976]). As relevant here, although a factual determination with respect to the applicability of the Workers' Compensation Law should be referred to the Board, which has primary jurisdiction over that issue, questions of law remain within the domain of the court (cf. Alfonso, 149 AD3d at 1536; Rivera v Lopez, 167 AD2d 953, 953 [4th Dept 1990]). Here, whether the CVA revives otherwise time-barred claims for workers' compensation benefits, based on allegations of sexual abuse by a coworker, and whether plaintiffs are limited to benefits under the Workers' Compensation Law even if their claims are revived, are questions of law to be decided by the court, not the Board. Thus, we agree with the plaintiffs that Supreme Court erred in granting defendant's motion, staying the actions pending review by the Board, and holding plaintiffs' cross-motions to amend their complaints in abeyance pending the Board's decision.
We therefore reverse and we remit the matter to Supreme Court for further proceedings to determine whether the CVA revives otherwise time-barred claims for workers' compensation benefits and whether plaintiffs are limited to such benefits if their claims are revived, and to rule on plaintiffs' cross-motions seeking leave to amend their respective complaints.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court